## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CYNTHIA BAZIL**
1618 Pennington Road
Ewing Trenton, NJ 08618

   *Plaintiff,*

    vs.

**ARTIS SENIOR LIVING OF LOWER MAKEFIELD,**
**LLC d/b/a ARTIS SENIOR LIVING OF YARDLEY**
765 Stony Hill Road
Yardley, PA 19067

   *Defendant.*

NO. _____

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Cynthia Bazil, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  Plaintiff has initiated this action to redress violations by Artis Senior Living of Lower Makefield, LLC d/b/a Artis Senior Living of Yardley ("Defendant") of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. § 951 *et seq.*).[1] Plaintiff was unlawfully terminated by Defendant and has suffered damages more fully described/sought herein.

---

[1] Plaintiff's claim arising under the PHRA is referenced herein for notice purposes. She is required to wait one (1) full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claim(s) will identically mirror her federal ADA claim.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States and seeks redress for civil rights violations under the ADA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state and local law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff exhausted federal administrative remedies for claims under the ADA by first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving an April 14, 2026, notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant Artis Senior Living of Lower Makefield, LLC d/b/a Artis Senior Living of Yardley is believed and therefore averred to be a Delaware Limited Liability Company with a principal place of business at the above-captioned address that regularly conducts business in Pennsylvania.

9.     Defendant operates a memory care and assisted living community.

10.    Defendant employed at least twenty (20) employees during Plaintiff's employment with Defendant.

11.    At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    In the interest of clarity, Plaintiff was known by "Cindy" while employed, as she is commonly referred.

14.    Plaintiff is a 65-year-old woman (64-years-old while employed at Defendant).

15.    By way of background, Plaintiff is Muslim and practices the religious beliefs of Islam.

16.    Plaintiff suffers from ADA-qualifying disabilities, including Acute Stress Disorder, and Adjustment Disorder with Depressed Mood, among other complications/conditions.

17.    Despite Plaintiff's aforesaid health conditions, she was able to perform the essential functions of her position; however, at times, she required some reasonable medical accommodations.

18.     Defendant operates a facility in Bucks County, PA located at 765 Stony Hill Road, Yardley, PA 19067.

19.     Plaintiff worked on-site at Defendant's location in Yardley, PA.

20.     Plaintiff was hired by Defendant on or about April 17, 2025.

21.     Plaintiff was employed by Defendant as a Certified Nursing Assistant ("CNA") and held that same position until her unlawful termination on or about October 14, 2025 (discussed further *infra*).

22.     Therefore, in total, Plaintiff was employed by Defendant for almost six (6) months.

23.     During her tenure with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job responsibilities in a dutiful and highly competent manner.

24.     During her time with Defendant, Plaintiff was primarily supervised by Executive Director ("ED"), Sherry Nikisher (hereinafter "Nikisher") and Assistant Director, Mercedes Campbell (hereinafter "Campbell").

25.     Plaintiff was subjected to a toxic and stressful work environment (reinforced by ongoing comments and conduct in the workplace).

26.     Defendant selectively enforced workplace policies in a discriminatory manner by disparately enforcing those policies and  separating Plaintiff from other employees, causing her to go into rooms and cry because she was being isolated.

27.     Being subjected to a toxic and stressful work environment while also being singled out for disparate treatment by Defendant significantly exacerbated Plaintiff's disabilities thus leading to her request for a reasonable accommodation—specifically, a brief period of leave to allow her to focus on her mental health and recovery from on or about October 10, 2025 through on or about October 20, 2025

28.    On or about October 1, 2025, Plaintiff underwent an initial psychiatric evaluation by Psychiatric-Mental Health Nurse Practitioner Stacy Grissett (hereinafter "Grissett"), FNP-C, PMHNP-BC, at Diamond Functional Medicine LLP. Plaintiff subsequently completed follow-up appointments with Grissett on or about October 10, October 17, and October 23, 2025.

29.    Grissett diagnosed Plaintiff's Acute Stress Disorder and Adjustment Disorder with Depressed Mood.

30.    Grissett concluded that Plaintiff's "psychiatric conditions were directly precipitated and exacerbated by workplace events at [Defendant] ."

31.    Defendant failed to engage in any interactive process despite having a physician's letter certifying Plaintiff's conditions and their flare-ups.

32.    Nikisher informed Plaintiff that leave days would be counted against her attendance as "call-outs," in clear violation of the ADA.

33.    On or about October 13, 2025, while on ADA-protected leave, Plaintiff complained to Campbell about the harassment and hostile work environment to which Plaintiff had been subjected and its exacerbations of her disabilities. In response, Campbell stated, "I wish you well with your mental health, but if this job is causing you this much stress, please just be an adult about it and resign properly instead of having frequent call-outs."

34.    On or about October 13, 2025, Grissett e-mailed Defendant a request for workplace accommodation letter and included a specific request for Defendant to excuse Plaintiff from work from October 10, 2025 through October 20, 2025.

35.    However, **<u>only one (1) day later</u>**, on or about October 14, 2024, Plaintiff received a termination letter signed by Nikisher, alleging that she forged her physician's accommodation note. Further, the termination letter stated that the reason for Plaintiff's termination was because

she (allegedly) falsified her medical record, which is grounds for termination per Defendant's handbook.

36.    Defendant's accusation of forgery was false and pretextual, as Grissett confirmed that she indeed "legitimately authored" the aforementioned accommodation note.

37.    The close temporal proximity of Plaintiff's termination, *coming directly on the heels of Campbell's statement that she should resign* instead of seeking accommodation, demonstrates that the stated reason for her termination was pretextual and a false justification to avoid providing reasonable accommodations.

38.    At all times relevant herein, Defendant's management, including Nikisher, were aware of Plaintiff's disability status as her requests for accommodations were supported by accommodations paperwork completed by her healthcare provider certifying the same.

39.    Based on the foregoing, Plaintiff believes and therefore avers that Defendant subjected her to discrimination and retaliation, including termination based on: (1) her ADA-qualifying disabilities; (2) her engagement in protected activity under the ADA, including requesting a reasonable accommodation; and, (3) Defendant's failure to engage in the ADA-required interactive process or provide reasonable accommodations.

### Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

40.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.    Plaintiff believes and avers that her actual, perceived, and/or record of disabilities was a motivating and/or determinative factor in Defendant's decision to terminate her employment.

42.     Plaintiff also believes and avers that she was terminated from her employment with Defendant because she engaged in protected activity under the ADA, including but not limited to requesting reasonable medical accommodations.

43.     Plaintiff also believes that Defendant failed to accommodate her disability by terminating her to avoid having to do so.

44.     Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of the ADA for discriminatory/and or retaliatory reasons.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.


                                    Respectfully submitted,

                                    **KARPF, KARPF & CERUTTI, P.C.**


                        By:     _____
                                    Ari R. Karpf, Esq. (91538)
                                    8 Interplex Drive, Suite 210
                                    Feasterville-Trevose, PA 19053
                                    akarpf@karpf-law.com
                                    (215) 639-0801


Dated:  June 22, 2026


8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cynthia Bazil | : | CIVIL ACTION |
| v. | : | |
| Artis Senior Living of Lower Makefield, LLC d/b/a Artis Senior Living of Yardley | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 6/22/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BAZIL, CYNTHIA

**(b)** County of Residence of First Listed Plaintiff    Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

ARTIS SENIOR LIVING OF LOWER MAKEFIELD, LLC
D/B/A ARTIS SENIOR LIVING OF YARDLEY

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - mployment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 6/22/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____